# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3651

_____

Nery Gonzales Ventura,          *
         *
     Petitioner,          *
         *    Petition for Review of
     v.          *    an Order of the Board of
         *    Immigration Appeals.
Department of Homeland      *
Security,          *    [UNPUBLISHED]
         *
     Respondent.          *

_____

Submitted: December 27, 2005
Filed: December 30, 2005

_____

Before ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Guatemalan citizens Nery Gonzalez Ventura and his wife and their two children petition for review of an order of the Board of Immigration Appeals (BIA), which affirmed an Immigration Judge's denial of asylum and withholding of removal.

After careful review of the record, we conclude that the BIA's decision is supported by substantial evidence on the record as a whole. See Menendez-Donis v. Ashcroft, 360 F.3d 915, 917-19 (8th Cir. 2004) (standard of review). Petitioners failed to meet their burden of establishing eligibility for asylum on account of a protected ground: among other reasons, Ventura did not allege that he was ever

harmed in Guatemala; even after the death of his cousins in 1992 and 1996, and the receipt of a threatening letter in 1995 (occurrences which formed the basis of Ventura's claim for asylum), he remained in Guatemala unharmed until coming to the United States in August 1999; and family members remain in Guatemala apparently unharmed. See Alyas v. Gonzalez, 419 F.3d 756, 761 & n.2 (8th Cir. 2005) (persecution is extreme concept; asylum applicant failed to establish well-founded fear of persecution because applicant had continued to live unharmed in native country for 4 years following alleged incidents of persecution and family members remained in native country unharmed); Melecio-Saquil v. Ashcroft, 337 F.3d 983, 985-87 (8th Cir. 2003) (dramatic changes in Guatemala after 1996 peace accords prevented dated events from translating into objectively reasonable fear of persecution; also noting that petitioner and his family had continued living in Guatemala unharmed for 4 years after alleged persecution); Yuk v. Ashcroft, 355 F.3d 1222, 1235 (10th Cir. 2004) (length of time since threat was received diminishes its present significance); Lim v. INS, 224 F.3d 929, 936 (9th Cir. 2000) (unfulfilled threats alone do not constitute past persecution, unless they are so menacing as to cause significant actual suffering or harm; where petitioner was not closely confronted or otherwise harmed, he did not suffer past persecution from threats). Because petitioners' asylum claim fails, their claim for withholding of removal necessarily fails as well. See Turay v. Ashcroft, 405 F.3d 663, 667 (8th Cir. 2005) (withholding-of-removal standard is more rigorous than asylum standard).

Accordingly, we deny the petition for review.

_____